**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**DOUGLAS E. MELTER,**

**Plaintiff,**

v.                                                                    **Civil Action No. 3:22cv391**

**UNITED STATES OF AMERICA,**

**Defendant.**

## MEMORANDUM OPINION

Douglas E. Melter, a federal inmate proceeding *pro se*, filed this action seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.* This action is proceeding on Melter's Amended Complaint (the "Complaint"). (ECF No. 6.)[1] This matter is before the Court on the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) filed by Defendant. (ECF No. 18.) Defendant provided Melter with the appropriate *Roseboro*[2] notice. (ECF No. 20.) Melter has responded. (ECF Nos. 21, 22, 24.) For the reasons stated below, Defendant's Motion to Dismiss will be GRANTED.

## I. Standard For Motion Under Fed. R. Civ. P. 12(b)(1)

Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1). In a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors*

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion may also, as here, challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "very power to hear the case," the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

## II. Summary of Allegations

Melter alleges that from March of 2020 through September of 2020, he was confined in "Administrative Detention" in the Special Housing Unit at the Federal Correctional Institution in Petersburg. (ECF No. 6, at 3.) During this seven-month period, Melter was denied, *inter alia*, all reading material, recreation, access to a law library, psychological services, sunlight, and

2

fresh air. (ECF No. 6, at 3.)  In response to the question on his form stating, **"Injury.  State how
you were injured by the actions or inactions of the Defendant(s),"** Melter responded:

> For 7 months I was sensory deprived, enduring extreme depression, lack of
> self-worth, hopelessness, extreme anxiety, suicidal thoughts, uneven sleep patterns,
> bouts of unexplained rage, and logic breakdown, and such treatment has been
> deemed torture by experts and courts.

(ECF No. 6, at 3.)

### III. Analysis

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies
from suit." *Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA is one such
waiver, allowing suit "only with respect to a certain category of claims," *Kerns v. United States*,
585 F.3d 187, 194 (4th Cir. 2009) (internal quotations omitted), including "personal injury or
death caused by the negligent or wrongful act or omission of any employee of the Government
while acting within the scope of his office or employment," 28 U.S.C. § 1346(b). "The scope of
this waiver is limited by . . . specific exceptions." *Welch v. United States*, 409 F.3d 646, 651 (4th
Cir. 2005).

Generally, prisoners can assert claims under the FTCA to recover damages from the
United States for personal injuries sustained during confinement in federal prison due to the
negligent or wrongful acts of government employees. *See, e.g.*, *Pledger v. Lynch*, 5 F.4th 511,
524 (4th Cir. 2021).  However, the FTCA bars most suits by incarcerated defendants for mental
or emotional injuries unaccompanied by physical injury. 28 U.S.C. 1346(b)(2).  Specifically, the
relevant statute provides:

> No person convicted of a felony who is incarcerated while awaiting
> sentencing or while serving a sentence may bring a civil action against the United
> States or an agency, officer, or employee of the Government, for mental or

emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[3] (as defined in section 2246 of title 18).

*Id.* "Plaintiff's conclusory statement that he suffers from physical pain and mental anguish . . . is

insufficient to satisfy the 'physical injury' element of a FTCA claim brought by a prisoner."

*Sharples v. United States*, No. 2:18-CV-12880, 2018 WL 5634355, at *2 (E.D. Mich. Oct. 31,

2018) (citing *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004); *Alexander v. Tippah*

*Cty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003); *Mower v. Dauphin Cty. Prison*, No. 1:CV-05-

0909, 2005 WL 1322738, at *3 n.6. (M.D. Penn. June 1, 2005)). In the absence of a physical

injury, a federal prisoner cannot seek damages under the FTCA for injuries attributable to his or

her placement in a special housing unit. *Bransgaard v. U.S. Bureau of Prisons Health Serv.*

*Staff*, No. 5:11-CT-3122-FL, 2012 WL 3732822, at *6 (E.D.N.C. Aug. 28, 2012) (citing

*Michtavi v. United States*, 345 F. App'x 727, 729–730 (3rd Cir. 2009); *Rogers v. United States*,

696 F. Supp. 2d 472, 504 (W.D. Pa. 2010); *Ajaj v. United States*, 479 F. Supp. 2d 501, 549–50

(D.S.C. 2007)). Melter fails to allege any facts that suggest he sustained a physical injury.

Accordingly, the Motion to Dismiss will be GRANTED. (ECF No. 18)

### IV. Conclusion

The Motion to Dismiss will be GRANTED. (ECF No. 18.) Melter's Motion for

Summary Judgment will be DENIED. (ECF No. 21.) The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: JUL 0 3 2023
Richmond, Virginia

M. Hannah Lauck
United States District Judge

---

[3] There is no suggestion that Melter's alleged mental and emotional injuries are attributable to a sex act, so this provision will not be considered further.

4